UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BRIAN COCHRAN and<br>JOHN HELBLIG,<br><br>       Plaintiffs,<br>v.<br><br>CITY OF HUNTINGTON and<br>MAYOR TERRY ABBETT,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)   Cause No. 1:05-CV-249<br>)<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

Plaintiffs Brian Cochran and John Helblig, two former employees of the City of Huntington, brought various claims against Defendants City of Huntington and Mayor Terry Abbot after they were laid-off and subsequently terminated from their employment. (Docket # 19.) Among these claims, Plaintiffs allege that Defendants retaliated against them for exercising their First Amendment right to free speech in violation of 42 U.S.C. § 1983, theorizing that after they were initially laid-off, Plaintiffs were not rehired because of actions they took, or were perceived to have taken, in opposition to the Mayor's bid for reelection. (Am. Compl. ¶¶ 1, 8, 10, 11, 20.)

Before the Court is Plaintiffs' motion to compel the production of job applications and resumes of employees who were hired for labor positions within the same union that governed the Plaintiffs' employment since November 2003. (Docket ## 26, 29.) Plaintiffs contend they need these documents to determine the qualifications of employees hired by the City after it terminated the Plaintiffs, while the Defendants posit that the applications and resumes are not relevant and that their production would invade employees' privacy.

Contrary to Defendants' assertions, the applications and resumes are relevant. Pursuant to

§ 1983, the Defendants will have to show that the City would have refused to rehire Plaintiffs even in the absence of the protected speech. *Wersing v. Thompson*, 423 F.3d 732, 750 (7th Cir. 2005) (citing *Sullivan v. Ramirez*, 360 F.3d 692, 697 (7th Cir. 2004)). If Defendants meet this burden, then Plaintiffs must establish that Defendants' proffered reasons for not rehiring are pretextual. *Vukadinovich v. Bd. of Sch. Trs. of N. Newton Sch. Corp.*, 278 F.3d 693, 698 (7th Cir. 2002). To demonstrate pretext, Plaintiffs might argue that the new employees the City hired were less qualified than Plaintiffs; therefore, they need to discover who Defendants hired and what their qualifications were. This information can be found succinctly in the applications and resumes.

Any issues of privacy are resolved by requiring that the applications and resumes be produced subject to a protective order limiting their use to this litigation and designating them "for attorneys' eyes only," with Plaintiffs' counsel permitted to disclose only the employees' names to their clients.[1] Therefore, the Defendants' objections to producing the applications and resumes are OVERRULED.

SO ORDERED.

Enter for December 19, 2005.

                                                    S/Roger B. Cosbey
                                                  Roger B. Cosbey
                                                  United States Magistrate Judge

---

[1] Furthermore, the Defendants may redact any social security numbers and prior criminal histories on the applications and resumes, as Plaintiffs concede that redaction is appropriate.