UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BRIAN COCHRAN and<br>JOHN HELBLIG,<br><br>    Plaintiffs,<br>v.<br><br>CITY OF HUNTINGTON and<br>MAYOR TERRY ABBETT,<br><br>    Defendants. | CIVIL NO. 1:05-cv-00249-TLS-RBC |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF AWARD OF ATTORNEY'S FEES

  Plaintiffs' counsel served Plaintiffs' First Request for Production of Documents on Defendants on or about October 3, 2005. On November 4, 2005, Defendants served on Plaintiffs' counsel the attached Defendants' Response to Plaintiffs' First Request for Production of Documents. (See Exhibit 1). Defendants objected to producing any documents "which reflect pay for part-time and/or temporary employees for the period from November, 2003 through November, 2004" (Exhibit 1; No. 8), "which reflect the selection criteria for all new employees hired since November, 2003, including the complete applications and resumes, and any notations regarding such, for each employee hired by the City since November, 2003" (Exhibit 1; No. 17) and "which show the average weekly earnings of employees performing work similar to that of the Plaintiffs during the time period since the termination of Plaintiffs' employment and any changes in the rates or fringe benefits received by these employees". (Exhibit 1; No 19). Defendants gave no reason for refusing to produce the documents sought in Request Nos. 8 and

17. The only reason Defendants gave for refusing to produce the documents sought in request No. 19 was relevancy.

On December 8, 2005, Plaintiffs' counsel conferred telephonically with Defendants' counsel pursuant to Local Rule 37.1 regarding Defendants' objections to the production requests. Defendants' counsel agreed to produce modified documents in response to Request Nos. 8 and 19, but continued to refuse to produce any documents responsive to Request No. 17. Plaintiffs' counsel confirmed the Local Rule 37.1 agreements and understanding via email to Defendants counsel. (See Exhibit 2).

On December 14, 2005, Defendants served Defendants' Amended Response to Plaintiffs' First Request for Production of Documents. (See Exhibit 3). The "attached documents, with redactions as agreed upon" which accompanied Defendants' amended responses were not what they purported to be. They included a "Monthly Health Insurance Claims Report" which was not requested in either Request Nos. 8 or 19, several pages entitled "Employee List" which indicate only the dates of hire and termination of otherwise unidentified employees and several pages entitled "Employee Job Rates" which provided only pay rates for the positions of "Water Clerk", "Water Oper Appr" and "Water Dist Jrnyma". (See Exhibit 3).

On December 14, 2005, Defendants also filed an opposition to Plaintiffs' Motion to Compel regarding Request No. 17, raising arguments which were not set forth in Defendants' written objection or raised during the Local Rule 37.1 conference held on December 8, 2005. On December 15, 2005, Plaintiffs' counsel initiated yet another Local Rule 37.1 telephonic conference with Defendants' counsel for the purpose of clarifying the limited scope of the documents being sought in Request No. 17. A telephonic hearing by the Court was held on December 16, 2005.

On December 19, 2005, the Court compelled Defendant to produce documents responsive to Request No. 17 as clarified by Plaintiffs.

On January 5, 2006, Plaintiffs' counsel sent an email to Defendants' counsel regarding various problems with the documents which were initially produced by Defendants and inquiring as to when Defendants were going to produce the documents compelled by the Court and agreed upon by Defendants. (See Exhibit 4). On January 10, 2006, Defendants' counsel sent correspondence along with Defendants' Supplemental Response to Plaintiffs' First Request for Production of Documents. (See Exhibit 5). Defendants' counsel stated in the correspondence that Defendants would need more time to produce the Plaintiffs' payroll records which pre-date May, 2002.

The supplemental documents produced by Defendants on January 10, 2006 included "Employee Payfile History" charts for "Selected Employees" with no explanation of what positions the selected employees held. (See Exhibit 6). The documents also included job applications for eleven people, two of which referenced attached resumes which were not produced despite the Court's order compelling production of all such documents. (See Exhibit 7). The produced documents were not labeled in any manner as to which discovery request they applied and did not provide the names of the employees who had been hired since November, 2003.

On January 20, 2006, Plaintiffs' counsel sent a letter to Defendants' counsel regarding some of the ongoing problems with Defendants' discovery responses. (See Exhibit 8). Defendants made no response to that letter. On January 30, 2006, Plaintiffs' counsel held a Local Rule 37.1 phone conference with Defendants' counsel regarding additional unresolved discovery issues. On January 31, 2006 and February 1, 2006, Plaintiffs' counsel spent several hours trying to sort through Defendants' produced documents in order to prepare a detailed letter to Defendants'

counsel regarding what appeared to be yet unproduced documents and the questions raised by the produced documents. (See Exhibit 9). In an extra effort to resolve some of the discovery issues, Plaintiffs' counsel also prepared and sent a brief set of interrogatories which included a specific request for the identity of the employees hired for union labor positions since November, 2003. (See Exhibit 10). By February 16, 2006, Defendants had not responded in any manner to the discovery issues raised by Plaintiffs in the January 20, 2006 letter, the January 30, 2006 Local Rule 37.1 conference and the February 1, 2006 letter, causing Plaintiffs' counsel to send yet another letter to Defendants' counsel specifically requesting Defendants' counsel to contact Plaintiffs' counsel as soon as possible regarding Defendants' response to Plaintiffs' requests for supplementation of the documents. (See Exhibit 11).

     By the end of business on February 21, 2006, Plaintiffs had still not heard a word from Defendants in response to the repeated requests for documents. Due to the ongoing discovery dispute, the depositions of Defendants' personnel had been postponed several times and were rescheduled for the week of March 13, 2006. Discovery closes in this case on March 21, 2006. Given the Defendants lack of response for more than a full month regarding the discovery issues, Plaintiffs had substantial concern that the issue would not be resolved without court intervention in time for use of all the documents at the depositions. Plaintiffs' counsel had to once again expend considerable time preparing an explanatory Motion to Compel and reviewing the history of the case to prepare the required Certificate of Compliance with Local Rule 37.1 to narrate the efforts that Plaintiffs had made. Only after Defendants' counsel received electronic notice of Plaintiffs' Second Motion to Compel did Defendants' counsel communicate, via email, with Plaintiffs' counsel, explaining that Defendants had been working on the ongoing discovery issues

and had sent by regular mail on February 20, 2006, which was a post-office holiday, yet more supplemental documents.

On February 23, 2006, Plaintiffs' counsel received additional documents from Defendants with a partially explanatory letter from Defendants. (See Exhibit 12). Defendants also served unsworn preliminary answers to Plaintiffs' interrogatories, which answers failed to provide any clarification to the documentation regarding the names of employees who were hired since November, 2003. (See Exhibit 10). Once again, Plaintiffs' counsel had to expend several hours comparing documents and preparing another detailed letter to Defendants' counsel regarding documents which had not yet been produced despite Defendants' contentions that they had produced everything requested by Plaintiffs and compelled by the Court. (See Exhibit 13).

On February 28, 2006, Defendants produced yet more documents. (See Exhibit 14). Defendants have never provided any explanation for why it took so many detailed letters and telephone calls from Plaintiffs' counsel before Defendants finally produced all of the documents they have that are responsive to requests which were clear on their face.

On March 2, 2006, Plaintiffs' counsel held another telephonic Local Rule 37.1 conference with Defendants' counsel, per the Court's order. Plaintiffs' counsel explained that Plaintiffs were entitled to recover the fees they expended at least since January 30, 2006 in order to finally get all of the documents requested of Defendants in October, 2005 and compelled by the Court in December, 2005. Defendants' counsel provided no legitimate reason for the delay in producing all of the documents. Defendants' counsel refused to agree to have Defendants pay any of the Plaintiffs' attorney's fees which were necessarily incurred in making the Second Motion to Compel.

Federal Rule of Civil Procedure 37(a)(3) states that "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." F.R.C.P. 37(a)(3). After this Court compelled Defendants, by order issued December 19, 2005, to produce documents responsive to Plaintiffs' Request No. 17, Defendants failed to produce all responsive documents until after Plaintiffs made repeated reasonable measures to get all of the documents from Defendants and were left with filing a Second Motion to Compel in order to finally obtain the last of the hired employee applications on February 28, 2006. In addition, despite the agreement of Defendants' counsel to produce documents responsive to Plaintiffs' Request Nos. 8 and 19 and Defendants' counsel's assurances that all such responsive documents had been produced, Plaintiffs' were able to identify responsive documents in Defendants possession which Defendants did not finally produce until February 28, 2006, a week after Plaintiffs filed a Second Motion to Compel. Defendants finally produced, on March 10, 2006, documents showing the Plaintiffs' earnings and overtime hours prior to May, 2002, which documents were requested in Plaintiffs' First Request for Production of Documents No. 1(2), in early October, 2005. (See Exhibits 1, 15). Defendants' counsel indicated a need for more time to produce the payroll documents on January 10, 2006. (See Exhibit 5). Yet, no additional communication or production from Defendants regarding the Plaintiffs' payroll records was forthcoming until this Court ordered Defendants, during the Second Motion to Compel hearing on March 3, 2006, to either produce the documents or submit an affidavit as to their non-existence. A sample of the produced payroll records, which Defendants were able to locate and produce within 7 days of the Court's order, is attached. (See Exhibit 16). Defendants have not provided any justification for the delay in production or for the need to be compelled by this Court to produce the documents. (See Exhibit 15). Defendants' history of incomplete production of compelled and requested

documents in this case is the same as if Defendants failed to obey the Court's discovery order and respond to Plaintiffs' discovery requests..

If a party fails to obey a court discovery order to provide or permit discovery . . . "the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Fed. R. Civ. Pro. 37(b)(2). Additionally, Federal Rule of Civil Procedure 37(a)(4) states that:

> If the motion is granted **or if the disclosure or requested discovery is provided after the motion was filed**, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. Pro. 37(a)(4) (emphasis added). Rule 37(a)(4) contains a presumption that the victor on a motion to compel is entitled to its costs, including attorney fees. See *Rickels v. City of South Bend, Ind.*, 33 F.3d 785, 786-787 (7th Cir.1994) (citation omitted). Plaintiffs were the victors on the Motion to Compel they had to file in December, 2005, yet they did not seek recovery of their expenses, including attorney's fees, for that action. Plaintiffs are once again victors on their Second Motion to Compel by virtue of having received the previously unproduced documents from Defendants after the Second Motion to Compel was filed and having received more compelled documents on March 10, 2006. During the hearing on Plaintiffs' Second Motion to Compel, which was held on March 3, 2006, Defendants' counsel provided no justification for the delay in producing any of the responsive documents which were finally produced by Defendants on

February 23, 2006 and February 28, 2006 or for failing to produce the documents which were produced on March 10, 2006.

Plaintiffs incurred a total of $3,332.00 in reasonable and necessary attorney's fees in making the Second Motion to Compel, which included the time spent writing Local Rule 37.1 letters to Defendants' counsel and conferring by telephone with Defendants' counsel. As proof of the amount of attorney's fees incurred by Plaintiffs in making their Second Motion to compel, Plaintiffs file simultaneously herewith and incorporate herein by reference the Affidavit of Cynthia Rockwell in Support of Plaintiffs' Application for Attorney's Fees.

Accordingly, Plaintiffs respectfully request that this Court award Plaintiffs recovery of their attorney's fees from Defendants in the amount of $3,332.00 which were incurred in making Plaintiffs' Second Motion to Compel.

**Respectfully submitted,**

**HALLER & COLVIN, P.C.**
**ATTORNEYS FOR PLAINTIFF**
**444 EAST MAIN STREET**
**FORT WAYNE, INDIANA 46802**
**TELEPHONE: (260) 426-0444**
**FAX: (260) 422-0274**
Email: crockwell@hallercolvin.com

BY: s/Cynthia Rockwell
    **CYNTHIA ROCKWELL**
    **I.D. #14331-45**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 13, 2006, a copy of the foregoing Plaintiffs' Memorandum in Support of Award of Attorney's Fees was electronically filed. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>Caren L. Pollack, Esq.
>MANDEL POLLACK & HORN, PC
>704 Adams Street, Suite F
>Carmel IN  46032

>>s/Cynthia Rockwell
>>**CYNTHIA ROCKWELL**