UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BRIAN COCHRAN and JOHN HELBLIG, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Cause No. 1:05-CV-249 |
| CITY OF HUNTINGTON and MAYOR TERRY ABBETT, | ) ) ) ) |
| Defendants. | ) ) |

## OPINION AND ORDER

Plaintiffs Brian Cochran and John Helblig (collectively, "the Plaintiffs") ask the Court to award them attorney's fees incurred in connection with their second motion to compel. (Docket # 32, 37.) For the following reasons, the request will be granted and Defendants will be ordered to pay Plaintiffs' attorney's fees.

### I. FACTUAL AND PROCEDURAL BACKGROUND

In this 42 U.S.C. § 1983 action, the Plaintiffs are two former employees of the City of Huntington, who claim they were fired for exercising their First Amendment right to free speech stemming from actions they took, or were perceived to have taken, in opposition to the Mayor's bid for reelection. (Am. Compl. ¶¶ 1, 8, 10, 11, 20.)

On October 3, 2005, Plaintiffs served a document production request, and after Defendants refused to produce some of the documents, Plaintiffs filed a motion to compel on December 9, 2005. (Docket # 26.) On December 19, 2005, the Court granted Plaintiffs' motion to compel ordering the production of job applications and resumes of those employees who were hired for labor positions within the same union. (Docket # 31.)

The parties subsequently exchanged correspondence regarding the production of these

documents as well as other requested documents. (*See, e.g.*, Pls.' Mem. in Support of Award of Att'y's Fees, Ex. 4-5, 8-9, 11-12; Def.'s Resp. in Opp'n to Pls.' Mot. for Att'y's Fees, Ex. A.) When production was not forthcoming, depositions were rescheduled several times. (Pls.' Mem., Ex. 11; Pls.' Reply in Supp. of Award of Att'y's Fees 1.) After the parties rescheduled two depositions for March 7, 2006, Plaintiffs' counsel sent a letter to Defendants' counsel on February 1, 2006, pointing out certain deficiencies in the document production, and closing with "I look forward to receiving the additional documents before the rescheduled depositions . . . ." (Defs.' Resp., Ex. A.)

When Plaintiffs still had not received all the requested documents by February 21, 2006, they filed a second motion to compel, seeking documents previously ordered produced as well as even more documents still outstanding from the October 3, 2005, request. (Docket # 32.) Unbeknownst to the Plaintiffs, however, the Defendants had already mailed some documents on February 20, 2006, which Plaintiffs received on February 23, 2006. (Defs.' Resp. 2; Pls.' Mem., Ex. 13.) The February 20 batch was followed by still more responsive documents on February 28, 2006, and March 9, 2006. (Pls.' Mem., Ex. 14-15.)

## II. LEGAL STANDARD

Rule 37(a)(4) governs the imposition of expenses and sanctions related to a motion to compel. It provides, in part:

> (A) [I]f the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds . . . that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

2

Fed. R. Civ. P. 37(a)(4). Accordingly, a party "may not avoid sanctions merely by producing the documents after a motion [to compel] has been filed," since this would defeat the rule's purpose "to promote voluntary discovery without the need for motion practice." *Illinois Tool Works, Inc. v. Metro Mark Prods., Ltd.*, 43 F. Supp. 2d 951, 960 (N.D. Ill. 1999); *see also Johnson v. Fed. Express Corp.*, No. IP 99-1377-C-Y/K, 2002 WL 362753, at *3 (S.D. Ind. March 6, 2002). Therefore, the late-producer pays unless he establishes that his failure to produce in a timely fashion was substantially justified. *See Illinois Tool Works, Inc.*, 43 F. Supp. 2d at 960, 962 (quoting *Fautek v. Montgomery Ward & Co.*, 96 F.R.D. 141, 145 (N.D. Ill. 1982)). ("Ultimate production of the material in question does not absolve a party where it has failed to produce the material in a timely fashion.")

### III. DISCUSSION

The Defendants' first argument against any award of attorney's fees is simple: they served a response by mailing the documents on February 20, 2006, *see* Fed. R. Civ. P. 34 and Fed. R. Civ. P. 5(b)(2)(B), so the documents were "provided [before] the motion [to compel] was filed . . . ." Fed. R. Civ. P. 37(a)(4). This is true as far as it goes, but ignores the fact that they produced sill more documents on February 28 and March 9, and that city employees were still looking for responsive documents as late as March 17. (Pls.' Mem., Ex. 15-16; Aff. of Laura A. Dillon ¶¶ 22, 25, 27.) The upshot is that even if we consider the February 20 mailing as a production that pre-dates the second motion to compel, it was obviously incomplete; in short, the Defendants' partial, and tardy, production does not amount to "provid[ing]" the requested documents so as to work a defense to the Plaintiffs' attorney fee claim. *See* Fed. R. Civ. P. 37(a)(4); *Tec-Air Inc. v Nipponderoso Mfg. USA Inc.*, 33 U.S.P.Q. 2d 1451, 1456 (N.D. Ill.

3

1994) (a "dilatory and partial compliance" with a request to produce does not free a party from the requirements of Rule 37); *Fautek*, 96 F.R.D. at 145 ("Parties are required to respond to requests to produce in a complete and accurate fashion.").

In addition, Defendants argue that they were led to believe, from Plaintiffs' February 1 letter, that they had until March 7 to produce the documents; therefore, they contend that the problem was caused when Plaintiffs' counsel "became impatient and unilaterally shortened the deadline" by filing the second motion to compel. (Defs.' Resp. 4.)[1]

This argument fails because the parties did not stipulate that Defendant had until March 7 to produce the documents. *See* Fed. R. Civ. P. 34(b) ("The party upon whom the request [for production] is served shall serve a written response within 30 days after the service of the request. A shorter or longer time may be . . . agreed to in writing by the parties, subject to Rule 29."); Fed. R. Civ. P. 29 (permitting the parties to extend the time for discovery by written stipulation). Clearly, the February 1 letter does not constitute a stipulation as contemplated by Rule 29. *See Pescia v. Auburn Ford-Lincoln Mercury, Inc.*, 177 F.R.D. 509, 510 (M.D. Ala. 1997) ("[An] oral agreement, although confirmed in writing [via letter between counsel], does not satisfy the requirements of Rule 29."); *Continental Ill. Nat. Bank & Trust Co. v. Caton*, 130 F.R.D. 144, 146, 148 (D. Kan. 1990) (letter between parties' attorneys does not constitute a "formal written stipulation or agreement pursuant to Rule 29"). In fact, a fair reading of the Feburary 1 letter suggests that there was no agreement, let alone a stipulation, concerning March 7, 2006.

The Defendants' argument also ignores that production was already long overdue; the

---

[1] Of course, the February 1 letter does speak of a deadline, saying only that counsel is "look[ing] forward to receiving the additional documents before the rescheduled depositions . . . ." (Defs.' Resp., Ex. A.)

4

documents should have been produced pursuant to Plaintiffs' October 3, 2005, request and certainly promptly after the Court's December 19, 2005, Order. Indeed, the March 7 depositions, the so-called "deadline," had already been rescheduled due to Defendants' non-production.[2] Therefore, it is understandable why Plaintiffs would seek Court assistance, given the fast approaching date for depositions and the need to prepare for them.

Finally, Defendants allude to their "diligent" efforts in locating the relevant documents, noting that "voluminous documents" were produced on "numerous occasions" in response to Plaintiffs' discovery requests. (Defs.' Resp. 1-2.)[3] We do not understand how this irrelevant proposition constitutes a defense, particularly since the Plaintiffs' second motion to compel was premised on document requests which were still outstanding following the original October request and the Courts' December 19, 2005, Order.

In sum, there is no showing of substantial justification; the lack of diligence that resulted in the rolling production that rolled-on here for far too long makes it appropriate under Rule 37(a)(4) to hold Defendants' responsible for the attorney's fees the Plaintiffs' incurred filing the second motion to compel.

## IV. AMOUNT OF ATTORNEY'S FEES

Once the court decides to award attorney's fees pursuant to Rule 37, it uses the well-known "lodestar" method to determine a reasonable amount. *Whitehead v. Gateway Chevrolet,*

---

[2] Even if we credit Defendants' argument that they had until March 7 to produce, they still did not meet this self-imposed "deadline," as they produced still more documents on March 9.

[3] Interestingly, Defendants attach to Dillon's Affidavit a picture that depicts "some of the boxes" that were searched to locate responsive documents. Although we do not know what percentage of boxes these represent, the amount portrayed in the picture is distinctly underwhelming.

*Oldsmobile, Inc.*, No. 03 C 5684, 2004 WL 1073642, at *1 (N.D. Ill. May 7, 2004) (citing *Mathur v. Bd. of Trs. of S. Ill. Univ.*, 317 F.3d 738, 742 (7th Cir. 2003)). Under this method, the court first determines the "lodestar" by multiplying the hours reasonably expended on the case by a reasonable hourly rate. *Whitehead*, 2004 WL 1073642, at *1 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The court may then adjust this award based on various factors, *see People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310 n.1 (7th Cir. 1996), the "most critical" of which is the degree of success obtained by the movant. *Hensley*, 461 U.S. at 436. The movant bears the initial burden of documenting its fees to the satisfaction of the court; once it has done so, those fees are presumptively appropriate unless challenged by the opposing party. *Morales v. Jones*, No. 00-CV-0618-DRH, 2006 WL 268770, at *10 (E.D. Wis. Feb. 1, 2006) (citing *Tomazzoli v. Sheedy*, 804 F.2d 93, 96 (7th Cir. 1986)).

Here, the unchallenged record reflects that the regular hourly rate for the attorney representing the Plaintiffs is $245.00. (Aff. of Cynthia Rockwell in Supp. of Pls.' Application for Att'y's Fees ¶ 6.) Furthermore, she claims she expended 13.6 hours in order to obtain the requested documents. (Aff. of Cynthia Rockwell ¶ 8.) Therefore, using the lodestar method, the presumptive amount of fees incurred due to Defendants' failure to produce responsive documents totaled $3,332.00.

The Defendants' sole challenge is that Plaintiffs should not be awarded attorney's fees for the time their counsel spent reviewing documents, arguing that the review "was merely part of the Plaintiffs' prosecution of the case . . . ." (Defs.' Resp. 4-5.) Of course, this argument ignores one obvious point: if Plaintiffs' counsel had not conducted a thorough review of the documents, she likely would not have been able to identify the gaps in the Defendants'

6

production. In fact, it appears that the only reason thorough production occurred here is because Plaintiffs' counsel, in contrast to the Defendants and their counsel, doggedly pursued it. Having reviewed the time records of Plaintiffs' counsel, we believe the time was reasonably and necessarily expended, and therefore the Plaintiffs will be awarded the entire amount of attorney's fees incurred.

## V. CONCLUSION

For the foregoing reasons, it is ORDERED that Defendants shall pay attorney fees to counsel for Cochran and Helblig in the amount of $3,332.00 by April 14, 2006.

SO ORDERED.

Enter for March 31, 2006.

S/Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge
