# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | | |
|---|---|---|
| BRIAN COCHRAN and JOHN HELBLIG, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 1:05-CV-249-TLS |
| | ) | |
| TERRY ABBETT, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

On February 23, 2007, the jury in this case returned its verdict for the Defendant. Two issues remain pending. During discovery, Magistrate Judge Cosbey issued an Opinion and Order requiring the Defendant to pay for attorney's fees arising out of the Plaintiffs' motion to compel; the Defendant objects to these fees. After trial, on March 9, 2007, the Defendant moved for costs, and the Plaintiffs objected. For the reasons stated below, the Defendant's objection to fees arising out of the motion to compel is overruled, and the Plaintiffs' objections to costs are overruled in part and sustained in part.


## A.     Objection to Magistrate's Order

When a district court considers on objection to a magistrate order on a nondispositive matter, the court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

The Magistrate Judge granted the Plaintiffs' motion to compel, and awarded fees pursuant to Federal Rule of Civil Procedure 37(a). The Defendant objects to paying the Plaintiffs' fees and the amount of those fees. Rule 37(a) shifts fees to the loser of a motion to compel unless the opponent can show that his position was substantially justified or that "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a); *Rickels v. City of South Bend*, 33 F.3d 785, 787 (7th Cir. 1994). The opponent's position is considered to be substantially justified when "there is a genuine dispute" or "if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "[W]here a fee award will not discourage abuses of the discovery process, a motion for fees should not be granted." *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 320, 330 (N.D. Ill. 2005).

Examining the record before it, this Court cannot say that the Magistrate Judge committed clear error. The Plaintiffs filed their motion to compel on February 21, 2006, and documents that had previously been requested continued to be submitted as late as March 17. The Plaintiffs in their motion for attorney's fees describe an ongoing discovery dispute and a pattern of delay on the part of the Defendant without any explanation by the Defendant. (Pl. Mem. 1–7, DE 37.) The Magistrate Judge reasonably could  have credited this account.

The Defendant argues that he was substantially justified in submitting the requested files late. The Defendant states that the Plaintiff wrote a letter stating that he had until the time of the depositions to turn over documents. The Magistrate Judge reasonably found this not to be a stipulation to extend time.

The Defendant argued that city employees had diligently searched through storage boxes

2

in attics, basements, and offsite locations for the records, and that software glitches prevented access to some records. Some documents requested by the Plaintiff did not exist or could not be found. (Def. Ex. B, Dillon Aff., DE 39-2.) The Magistrate Judge stated that this evidence was not relevant. However, if the documents were truly so difficult to find, the delay might be reasonable and constitute substantial justification. But this does not appear to be the case. There is reason to believe that the Defendant overstated the difficulty in finding the documents, and so, the Magistrate Judge's decision is not clear error. The Magistrate Judge noted that a picture submitted of the boxes that were searched was "underwhelming." Also, the Plaintiffs stated that according to the city employee who found the late documents, the late documents were located in the same place from which earlier documents were found, suggesting that the problem was not difficulty in locating the documents but failure to identify and turn over the relevant documents.

Finally, the Defendant argues that the amount of fee awarded was too great. There is nothing in the record to suggest clear error in this determination.

It is this Court's view that this matter could have been resolved without a motion to compel and a dispute over the propriety of attorney's fees under Rule 37(a). It should be a rare occurrence for a discovery dispute to involve acts or positions that reasonable people would agree to be inappropriate. Narrowly interpreting what qualifies as a genuine dispute and frequently awarding fees incentivizes antagonistic behavior between counsel and parties, further encouraging abuse of the discovery process. However, there was no clear error in the Magistrate Judge's opinion, and so the Defendant's objection to fees is denied.

**B.      Rule 54 Costs**

On February 26, 2007, the Court entered judgment in favor of the Defendant. On March

9, 2007, the Defendant moved for costs in the amount of $5,013.80. The Plaintiffs objected on

March 11, 2007, arguing that some of the costs sought were not recoverable and that the motion

for costs violated the requirements of Local Rule 54.1. The Defendant refiled a motion for costs

consistent with the requirements of Local Rule 54.1 for the amount of $3,903.16 on March 12,

2007. Five issues remain: 1) whether the Defendant's refiled motion for costs was timely, 2)

whether the Defendant is entitled to costs for witnesses who did not appear at trial, 3) whether

the Defendant is entitled to costs for service of trial subpoenas, 4) whether the Defendant is

entitled to costs for mediator's fee, and 5) whether Defendant is entitled to costs for copying

fees.

Federal Rule of Civil Procedure 54(d) provides that "costs other than attorney's fees shall

be allowed as of course to the prevailing party unless the court otherwise directs." Although Rule

54(d) creates a presumption that the prevailing party will recover these costs, the decision to

make the award of costs is entrusted to the sound discretion of the district court. *Hastert v. Ill.

State Bd. of Election Comm'rs*, 28 F.3d 1430, 1437 (7th Cir. 1993); *Soler v. Waite*, 989 F.2d 251,

254-55 (7th Cir. 1993). The presumption is difficult to overcome, and a district court's discretion

is narrowly confined. *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*,

854 F.2d 219, 222 (7th Cir. 1988). Rule 54(d) establishes a principle of preference—a district

court must award costs unless it states good reasons for denying them. *Id.* (citing *Coyne-Delany,

Inc. v. Capital Dev. Bd.*, 717 F.2d 385, 392 (7th Cir. 1983)). Generally, only misconduct by the

prevailing party worthy of a penalty (for example, calling unnecessary witnesses, raising

4

unnecessary issues, or otherwise unnecessarily prolonging the proceedings) or the losing party's inability to pay will justify denying costs. *Id.* (citing cases). Unless the losing party affirmatively shows that the prevailing party is not entitled to costs, a district court must award them, "as of course." *Id.* Nonetheless, before it can award costs to the prevailing party, the court must determine that the expenses are allowable and reasonable, both in amount and necessity to the litigation. *Moore v. Univ. of Notre Dame*, 22 F. Supp. 2d 896, 913 (N.D. Ind. 1998). The specific costs that are subject to taxation are set forth in 28 U.S.C. § 1920.

The Court finds the Defendant's second motion for costs to be timely. Local Rule 54.1 states, "a party shall have fourteen (14) days from the entry of a final judgment to file and serve a request for the taxation of costs and for assessment of attorney fees." N.D. Ind. L.R. 54.1. Also, the local rule requires the request to be submitted on AO Form 133. Judgment was entered on February 26, 2007.  On March 12, 2007, fourteen days later, the Defendant filed its motion for costs on AO Form 133. The Court finds no procedural deficiencies in the Defendant's motion for costs.

The Court also agrees with the Defendant that he is entitled to costs for witnesses who did not appear at trial. The Defendant asks for $30 for 11 witnesses, for a total of $330. Section 1920 states that the prevailing party is entitled to costs for witnesses. The Plaintiffs argue this amount is unreasonable because some of the witnesses did not appear, one witness is the Defendant's son, and the Defendant paid the witness cost for a witness the Plaintiffs also paid. The Plaintiffs cite no caselaw to justify any of their arguments. There is no indication that the Defendant called any of these witnesses in bad faith, or without a reasonable belief that their testimony might be necessary. The witness fees requested are reasonable.

5

The Defendant asks for $400 in fees for service of summons and subpoena. "[T]he district court must determine which of the service-related items in defendants' bill of costs are described in § 1921(a), and then tax these costs in amounts that do not exceed what the Marshal Service would have charged for these tasks." *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996). Section 1921(a) states that marshals may tax as costs fees for "serving a subpoena or summons for a witness" and "necessary travel in serving or endeavoring to serve any process, . . . with mileage to be computed from the place where service is returnable to the place of service or endeavor." 28 U.S.C. § 1921. The Defendant did not submit any explanation for its claim of $400 in fees for service of summons and subpoena, and did not submit any information as to what the Marshal Service would have charged for the tasks. Without the documentation and information required by *Collins*, the Court cannot find the expense reasonable and will not tax the cost. The Defendant is given 10 days to refile its request for costs for summons and subpoena with appropriate documentation if it wishes.

The Defendant claims as a cost $341.25 for a mediator's fee. It presents no argument or case law to justify this cost. Section 1920 does not list mediator's fees as a recoverable costs. Therefore, the Court finds the Defendant's claim of $341.25 for mediator's fee to be unreasonable.

Finally, the Defendant asks for $1,2023.09 for fees and disbursements for printing. Section 1920 states that fees "for exemplification and copies of papers necessarily obtained for use in the case" are recoverable costs. § 1920(4). The Defendant submitted billing records listing dates and amounts for copy charges. However, the identify of what was copied and the amount

charged per page are left unknown. There is a substantial body of case law outlining when costs for photocopies are reasonable, and with no documentary support, this Court has no way to determine whether the Defendant's copying expenses are reasonable. *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991) (requiring parties to submit "best breakdown obtainable from retained records" of description of photocopying costs); *Tony Jones Apparel, Inc. v. Indigo*, 2005 WL 3115234, *4 (N.D. Ill. Nov. 16, 2005) ("It is sufficient that a party seeking recovery of photocopying costs provide a chart identifying the nature of each document copied, the number of copies of each document prepared, the number of pages in each document, the copying cost per page, and the total copying cost."); *see also Kulumani v. Blue Cross Blue Shield Ass'n*, 224 F.3d 681, 685 (7th Cir. 2000) ("Five or six copies of everything for the apparent convenience of a platoon of lawyers at a large defense firm is harder to justify as the sort of outlay that may be shifted to one's adversary."); *Martin v. United States*, 931 F.2d 453, 455 (7th Cir. 1991) (stating that "charges for in-house reproduction may not exceed the charges of an outside print shop"). Without the documentation and information required, the Court cannot find the copying expenses reasonable and will not tax the cost. The Defendant is given 10 days to refile its request for photocopying costs if it wishes.

**ORDER**

The Defendant's objections to the Magistrate Judge's Opinion [DE 47] are OVERRULED. The Defendant's motion for costs [DE 117] is GRANTED in part and DENIED in part. The Court FINDS that the Defendant's costs are $2,138.82. The Defendant has 10 days to refile its request for the costs the Court denied for lack of documentation.

7

SO ORDERED on May 29, 2007.

_____/s/ Theresa L. Springmann_____
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT